**Patrick A. JORSTAD, Plaintiff,**

v.

**STATE STREET CORPORATION; State Street Bank & Trust Company; State Street Salary Savings Program Committee; Ropes & Gray, LLP; Tenley E. Albright; Steve Baker; Kennett F. Burnes; Pat Cerasuolo; Nader F. Darehshori; John D. Donovan, Jr.; Edward D. Farley; Arthur L. Goldstein; Christopher G. Green; David P. Gruber; Linda A. Hill; Charles R. Lamantia; Ronald E. Logue; Richard P. Sergel; Ronald L. Skates; Gregory L. Summe; Diana C. Walsh & Robert E. Weissman; Defendants.**

Civil Action No. 07–10465–JLT.

United States District Court,
D. Massachusetts.

Feb. 21, 2008.

Patrick A. Jorstad, Alexandria, VA, pro se.

John D. Donovan, Jr., Ropes & Gray LLP, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

TAURO, District Judge.

After considering the relevant submissions, this court hereby GRANTS Defendant's *Motion to Dismiss* [# 2] without prejudice to refiling.

Plaintiff Patrick Jorstad ("Jorstad") filed a ten-count complaint against State Street Corporation and numerous officers thereof, alleging violations of federal and state law. Plaintiff advances two federal claims. In the first, he alleges that Defendants violated certain rights he purportedly enjoys under the Employee Retirement Income Security Act ("ERISA"). In the second, Plaintiff asserts that various Defendants violated their fiduciary duties by failing to guarantee the full enjoyment of Plaintiff's purported ERISA ownership rights. Even if true, however, these "rights" are not protected by ERISA.[1] Plaintiff, thus, has not filed a claim upon which relief can be granted.

## I. Claim I

Plaintiff's first ERISA claim stems from two related incidents. In the first, Plaintiff asserts that his ERISA rights were violated when he was forcibly ejected from the 2006 Annual Shareholders Meeting of the State Street Corporation. Defendants thereby violated his shareholder's right to "participate in corporate democracy."[2] But ERISA does not protect a shareholder's right to participate in annual shareholder meetings. Rather, ERISA aims "to prevent unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights."[3] ERISA cases

---

1. *See* 29 U.S.C.S. §§ 1004, 1132, 1140, 1141.

2. *See* Pl.'s *Opposition to Defs.' Mot. to Dismiss* [# 6] 7.

3. *See Vergato ex rel. Piandtedosi Bakery Co.*, 1996 WL 208478, at *3, 1996 U.S. Dist. LEXIS 5644, at *9 (D.Mass. Apr. 3, 1996) (Young, J.).

typically involve adverse *employment* actions, and hinge on whether an employer aimed specifically to interfere with an employee's rights.[4] Plaintiff does not show how, and this court cannot find an applicable case where, the prevention of a shareholder from participating in an annual meeting would violate rights protected under ERISA.[5]

■ In the second incident, Plaintiff alleges that Defendants tried to coerce his exit from the State Street Salary Savings Program through an agreement with Plaintiff's domestic partner, David Smith ("Smith"). The agreement would have required both Smith and Plaintiff to dispose of their securities issued by State Street. Importantly, as Plaintiff concedes, Smith "refused to sign the Complete Agreement."[6] Nonetheless, Plaintiff believes that Defendants' unsuccessful attempt to divest Plaintiff of certain securities should be understood as "a form of discipline prohibited by § 1140."[7]

Section 1140 provides that it is unlawful to discipline a beneficiary "for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure

Act." Again, Plaintiff has not specified any right, cognizable under ERISA, that he exercised and for which he was "disciplined." Nor has he stated a provision—either in his benefit plan or a federal statute—that guarantees this allegedly violated right. Certainly, an unconsummated offer to dispose of securities cannot be understood as a form of discipline under ERISA. Plaintiff has not cited any instances where a court has read ERISA so expansively. This court shall not be the first.

## II. Claim II

■ Plaintiff's second claim alleges that Director defendants breached their fiduciary duties to him by failing "to guarantee the full enjoyment of his ERISA ownership rights." Plaintiff specifically alleges that Defendants (1) set the terms of his exit from the plan and (2) required his exit from the plan before he wanted to exit.[8] But as Plaintiff acknowledges, he still holds shares of State Street stock. Even though certain Defendants allegedly wanted Plaintiff to divest his stock, he refused to do so. This court believes that an unsuccessful attempt to persuade someone to divest stock, without more, does not consti-

**4.** *See Barbour v. Dynamics Research Corp.,* 63 F.3d 32, 37 (1st Cir.1995).

**5.** The closest case on point seems to be *Pompano v. Michael Schiavone & Sons, Inc.,* 680 F.2d 911 (2nd Cir.1982). There, plaintiff filed an ERISA discrimination claim against his former employer for, among other things, not inviting him to attend a company dinner honoring other retirees. *Id.* at 916. The trial court found that plaintiff was not invited "because the acrimony which had developed [between the parties] caused the company's officers reasonably to apprehend that if [plaintiff] attended, an unpleasant incident would occur ruining the dinner for those involved." *Id.* The Second Circuit decided that it "strains credulity to believe that the reach of § 1140 extends so far as to include a failure to invite a participant or beneficiary of a plan under

ERISA to an employer sponsored social event." *Id.* Though an annual shareholder meeting is not exactly a "social event," this court adopts the reasoning of the trial and appellate courts. The longstanding acrimony between Jorstad and State Street, which emerged previously in a lawsuit before Judge Gertner, coupled with Plaintiff's and Smith's behavior during the 2006 Annual Meeting made the decision to remove them "reasonabl[e]" in order to prevent additional "unpleasant incident[s]."

**6.** Compl. ¶ 46.

**7.** *See* Pl.'s *Opposition to Defs.' Mot. to Dismiss* [# 6] 6.

**8.** Pl.'s *Opposition to Defs.' Mot. to Dismiss* [# 6] 9.

tute a breach of fiduciary duties under ERISA.

## III. State Law Claims

This court declines to exercise supplemental jurisdiction over Plaintiff's eight (8) remaining state law claims. Plaintiff is free to pursue such claims in a state court proceeding.

## Conclusion

Accordingly, this action is DISMISSED without prejudice. Since Plaintiff is acting *pro se*, this court will not foreclose his option of refiling a well-pled complaint.[9] Before doing so, however, Plaintiff must first confer with a lawyer to determine whether he has any actionable claims that would merit a lawsuit in federal court.[10]

IT IS SO ORDERED.

---

**9.** This court notes Plaintiff's attempt to plead diversity jurisdiction in a subsequent filing. *Id.* at 8. If he refiles a complaint, in accordance with the above requirement, the complaint should clearly delineate the jurisdictional grounds on which the case may proceed.

**10.** This court echoes the wise advice offered by Judge Gertner in the *Memorandum and Order of Dismissal* [# 21] of Plaintiff's prior action, *Jorstad v. State Street Corporation et al.*, No. 00–12418, at 4–5 (D. Mass. June 22, 2001).

